UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>$183,026.36 in U.S. CURRENCY, *et al.*, )<br>    Defendants, )<br>)<br>THE LITTLE HIPPIE, LLC, )<br>CHRISTY LEE JACKSON, and )<br>MARK PATRICK MCCRACKEN, )<br>    Claimants. ) | CAUSE NO. 2:13-CV-344-TLS-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss [DE 11] filed by Claimants The Little Hippie, LLC, Christy Lee Jackson, and Mark Patrick McCracken on October 29, 2013. The Government filed a response on November 12, 2013, and Claimants filed a reply on November 19, 2013.

On May 1, 2014, Judge Theresa L. Springmann entered an Order [DE 14] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court deny the Motion.

**BACKGROUND**

Plaintiff United States of America filed its Verified Complaint In Rem on September 25, 2013, to forfeit the Defendant Property consisting of two sums of cash and two cashier's checks seized at the Little Hippie Store, a business owned by claimants Jackson and McCracken, and at the

residence of Jackson and McCracken.

In the instant Motion, Claimants move to have the Complaint dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, Claimants attached evidence to their brief, as did the Government, which treated Claimants' motion as one for summary judgment.  Federal Rule of Civil Procedure 12(d) requires the Court to convert a motion for judgment on the pleadings to a motion for summary judgment when matters outside the pleadings are presented and not excluded by the Court.  *See* Fed. R. Civ. P. 12(d); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).  Accordingly, the Court converts this motion to dismiss to a motion for summary judgment.  Pursuant to Rule 12(d), the Court finds that both parties had "a reasonable opportunity to present all the material that is pertinent to the motion," *see* Fed. R. Civ. P. 12(d); *see also Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 at 323 (1986); Fed. R. Civ. P. 56(c).  The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*,

477 U.S. at 325. However, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## ANALYSIS

Claimants argue that the Government's Complaint was untimely and therefore should be dismissed. The Government argues that the Claimant's calculation of time is erroneous.

18 U.S.C. § 983(a) lays out the general rules for civil forfeiture proceedings. It provides that the Government must give notice of the property seizure to interested parties within 60 days, and, if anyone files a claim for the property, the Government must file a complaint for forfeiture "[n]ot later than 90 days after a claim has been filed." 18 U.S.C. § 983(a)(3)(A).

In this case, the Drug Enforcement Administration (DEA) sent two of the three notices of seizure to Claimants on June 12, 2013, and the third on June 19, 2013. The Notices explicitly state, in the only sentence of the text of the notice rendered in bold and capital letters, that "**A PETITION, CLAIM OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED . . . WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE**." Pl. Br. Ex. A [DE 11-1]. Claimants sent their claim to the DEA on June 26, 2013, by certified mail, and the claims were received by the DEA at its mail facility on July 1, 2013. The Government filed its Complaint on September 25, 2013, 86 days after the claims were received by the DEA and 91 days after the claims were mailed.

Claimants argue that their claims were "filed" on the day that they were sent via certified mail, arguing that the method of mailing provides verification of the date on which the mailed item was received, thereby providing certainty of the relevant deadlines for all parties. Claimants cite no case law that supports this proposition, but make a judicial economy argument, reasoning that

4

they had no idea when the DEA actually received their claims so could not know whether the Complaint was timely without filing a motion to dismiss. The Government lists a number of cases that specifically address what constitutes "filing" for the purposes of 18 U.S.C. § 983(a)(3)(A), all of them concluding that the claim is deemed "filed" when it is received by the seizing agency. Although Claimants are correct that none of these cases were decided by the United States Court of Appeals for the Seventh Circuit, they do not cite, and the Court has not found, any cases where any court in any jurisdiction has determined that a claim was "filed" for the purposes of civil forfeiture proceedings when that claim was placed in the mail. Rather, as the Government argues, it appears that every court that has addressed the question has agreed that a claim is filed when it is received by the seizing agency. *See*, *e.g., United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1141 (9th Cir. 2008) ("If a claim is filed, the government then has ninety days from the date the claim was received by the seizing agency to file a civil complaint."); *United States v. $36,110.00 in U.S. Currency*, No. 4:08-029, 2009 WL 692830, at *3 (D.S.C. Mar. 12, 2009) ("A claim is 'filed' when it is received by the seizing agency, not when it is mailed.") (citations omitted); *United States v. $65,930.00 in U.S. Currency*, No. 3:03CV01625, 2006 WL 923704, at *2 (D. Conn. Mar. 28, 2006) ("[I]f Congress intended that a claim should be deemed filed when mailed—in other words, if it intended such filings to be governed by the exception known as the 'mailbox rule'—it easily could have said so, as it has in the context of the filing of tax returns. Nothing in the statute's text or legislative history suggests that Congress wanted the 'mailbox rule' to apply to the filing of administrative claims. Accordingly, I find that [the claimant's] claim was not filed until it was actually received by the DEA.") (citations omitted).

Especially where, as here, the documents themselves define the term "filed," and clearly

explain that a claim would be deemed filed when it was received by the DEA, *see* Pl. Br. Ex. 1 [DE 11-1], the Court declines to swim against this tide of agreement. In this case, Claimants' claim was filed for the purposes of 18 U.S.C. § 983(a) on July 1, 2013, when it was received by the DEA. Def. Resp. Ex. 18 [DE 12-19]. The Government's Complaint was timely filed and the case should not be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS that the District Court DENY** the Motion to Dismiss [DE 11].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 30th day of June, 2014.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    Judge Theresa L. Springmann
        All counsel of record