# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:13-cv-344-TLS-JEM |
| $183,026.36 in U.S. CURRENCY, *et al.*, | ) | |
| Defendants. | ) | |
| THE LITTLE HIPPIE, LLC, CHRISTY LEE JACKSON, and MARK PATRICK MCCRACKEN, | ) | |
| Claimants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Claimants', The Little Hippie, LLC, Christy Lee Jackson, and Mark Patrick McCracken, Motion to Dismiss [ECF No. 11] filed on October 29, 2013. The Government filed its Response [ECF No. 12] on November 12, 2013. The Claimants' Reply [ECF No. 13] was filed on November 19, 2013.

On May 1, 2014, the Court entered an Order [ECF No. 14] referring the Claimants' Motion to Magistrate Judge John E. Martin pursuant to 28 U.S.C. § 636(b) and Local Rule 72-1. Upon review of the matter, Magistrate Judge Martin issued his Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 15], on June 30, 2014. Magistrate Judge Martin recommended that the Court deny the Claimants' Motion.

In response to Magistrate Judge Martin's Recommendation, the Claimants filed their Objection to the Report and Recommendation of United States Magistrate Judge [ECF No. 16]

1

on July 9, 2014. The Government did not file a response. The Claimants' Motion to Dismiss and Objection are ripe for ruling.

## BACKGROUND

The relevant facts of this case are not disputed. On April 19, 2013, law enforcement officers executed a search warrant at The Little Hippie Store. During the search, officers found 344 packets of Blue Heaven, a controlled substance analogue. Officers also recovered $9,632.38 in U.S. Currency and two $20,000 Financial Partners FCU Cashier's Checks. The same day, law enforcement officers executed a search warrant at the residence of Claimant Christy Lee Jackson. During the search of Claimant Jackson's residence, officers recovered $183,926.36 in U.S. Currency.

The Drug Enforcement Agency ("DEA") sent two notices of the seizure to the Claimants on June 12, 2013. A third notice was sent to the Defendants' on June 19, 2013. The Notices explicitly state that "**A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED . . . WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE.**" Pl. Ex. 1, ECF No. 12-2 (emphasis in original). The Claimants sent their claim to the seized money to the DEA on June 26, 2013, by certified mail. The DEA received the claim at its mail facility on July 1, 2013. The Government then filed its Complaint on September 25, 2013, 86 days after the claims were received by the DEA and 91 days after the claims were mailed.

The Claimants argue that the Government's Complaint is untimely because 18 U.S.C. § 983(a)(3)(A), the statute that governs civil forfeiture proceedings, requires the Government to file a complaint no more than 90 days after the claimants file their claim. In this case, the

Government filed its complaint 91 days after the Claimants mailed their claim. Although unable to find supporting case law, the Claimants use a judicial economy argument to argue that the mailing date should be considered the date a claim is "filed." The Claimants argue that if a claim is filed when it is received by the DEA, the filing date is a secret to all but the DEA mailing clerk. Thus, in order to determine the filing date, the Government must submit a lengthy affidavit and numerous exhibits that unnecessarily tax the resources of the Government and Court. According to the Claimants, if the claim is filed when it is received, the Court is also forced to rely on an interested party, Government's forfeiture counsel, to determine when the claim was received. The Claimants argue that considering a claim filed on the day it is mailed is the most efficient way to interpret the statute because it only requires a certified mailing receipt to establish the filing date. Parties would immediately know the filing date, the Court's docket would not be filled with unnecessary motions, and the Government would not be burdened with drafting lengthy affidavits.

The Government argues that the claim should be considered filed when it is received, not mailed. The Government argues that every court that has addressed the question has held that a claim is filed when it is received, and urges the Court to adopt the same rule here. The Government also points out that the Notice the Government sent to the Claimants specifically said any claim or correspondence would be considered filed when it was received by the DEA. The Claimants, therefore, knew when their Claim would be considered filed. Accordingly, the Government argues that the Claimants claim was filed on July 1, 2013, meaning that the Government's Complaint was filed 86 days later and within the 90 day requirement of § 983(a)(3)(A).

**STANDARD OF REVIEW**

**A. Motion to Dismiss**

A motion to dismiss for failure to state a claim, Federal Rule of Civil Procedure 12(b)(6), must be decided solely on the face of the complaint and from any attachments included in the complaint. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); *see also* Fed. R. Civ. P. 10(c) (documents attached to complaint are considered part of the complaint). Rule 12(d) requires that any motion to dismiss for failure to state a claim that includes matters outside of the pleadings be treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). *See, e.g.*, *Miller*, 600 F.3d at 733; *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). When a court treats a motion to dismiss for failure to state a claim as a motion for summary judgment, all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Fed. R. Civ. P. 12(d). Although a district court should give notice when converting a Rule 12(b)(6) motion into a motion for summary judgment, failure to do so does not necessarily mandate reversal. *See Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 377 (7th Cir. 1987); *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 391 (7th Cir. 1981). A reversal is not necessary "'where nothing else could have been raised to alter the entry of summary judgment.'" *Farries*, 832 F.2d at 377 (quoting *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 281 (7th Cir. 1986). Specifically, a potentially disputed material issue of fact must exist to justify reversal. *Farries*, 832 F.2d at 377. In the present case there are no disputed material facts and both parties presented evidence with their briefs on the matter. The Court therefore treats Claimants' Motion to Dismiss as a motion for summary judgment.

**B. Summary Judgment**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in her favor; if she is unable to "establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), summary judgment must be granted. A bare contention that an issue of fact exists is insufficient to create a factual dispute, but the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A material fact must be outcome determinative under the governing law. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598–99 (7th Cir. 2000). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

## ANALYSIS

18 U.S.C. § 983 governs the rules of civil forfeiture cases. After seizing private property, the Government is required to send notice to interested parties within 60 days of the date of seizure. 18 U.S.C. § 983(a)(1)(A)(i). Any person who claims the property may file a claim with the appropriate Government agency. 18 U.S.C. § 983(a)(2)(A). The Government then has "90 days after a claim has been filed" to file a complaint for forfeiture. 18 U.S.C. § 983(a)(3)(A). At issue in the present case is when the Court should deem a claim "filed" in order to determine

when to start the 90-day time period. Although the Notices the Government sent the Claimants expressly stated that correspondences are deemed filed when received, 18 U.S.C. § 983 does not define the term "filed."

The Government argues that every court that has addressed this issue has held a claim is filed when it is received by the appropriate governmental agency. The Court's independent research comes to the same conclusion. *See, e.g.*, *United States v. Real Prop. Located at 475 Martin Lane*, 545 F.3d 1134, 1141 (9th Cir. 2008) (stating that the Government has 90 days to file complaint from the date the claim is received); *Bentley v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 414 Fed. App'x. 28, 32 (9th Cir.2011) (holding that a "claim is 'filed' when it is received by the seizing agency, not when it is mailed") (Stafford, W., concurring); *United States v. $7,696.00 in U.S. Currency*, No. 12-CV-116-LRR, 2013 WL 1827668 (N.D. Iowa 2013) (finding that the claim was not filed within the meaning of 18 U.S.C. § 983(a)(3)(A) until the appropriate agency received it); *United States v. $36,110.00 in U.S. Currency*, No. 4:08-029-TLW, 2009 WL 692830, at *3 (D.S.C. 2009) (holding claim filed on receipt, not on mailing); *United States v. $65,930.00 in U.S. Currency*, 3:03CV01625(RNC), 2006 WL 923704, at *2 (D. Conn. 2006) (holding if Congress wanted to apply the mailbox rule it would have said so).

In the Claimants' Objection to the Report and Recommendation, they argue that none of the cases the Government and Magistrate Judge have cited are binding on this Court because they are not Seventh Circuit cases. The Claimants argue that Magistrate Judge Martin did not need to follow those decisions and should have been free to come to a different ruling. The Claimants are correct; rulings from district courts and other circuit courts do not have binding authority over this Court. *See United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994)

(holding district courts must follow Seventh Circuit decisions but owe no more than respectful consideration to views of other circuits); *Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993) (holding a district court ruling does not bind a judge in any other case). However, it is within the Court's discretion to consider what other circuits are doing and adopt a consistent ruling. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) ("Bearing in mind the interest in maintaining a reasonable uniformity of federal law and in sparing the Supreme Court the burden of taking cases merely to resolve conflicts between circuits, we give most respectful consideration to the decisions of the other courts of appeals and follow them whenever we can.").

Although none of the cases cited above are binding precedent on the Court, the Court finds those decisions persuasive and will adopt the position taken by the other circuit and district courts. The overwhelming majority of cases hold that a claim is deemed "filed" when it is received by the seizing agency. The Claimants' do not cite, and the Court has not found, any cases where any court in any jurisdiction has determined that a claim is deemed "filed" for the purposes of civil forfeiture proceedings when the claim was mailed. Had Congress wanted the mailbox rule to apply to this situation, it could have said so. *See United States v. $65,930.00*, 2006 WL 923704, at *2 (holding that nothing in the statute's text or legislative history suggests Congress wanted the mailbox rule to apply to the filing of administrative claims and that Congress easily could have said so if it intended that a claim should be deemed filed when mailed). After respectful consideration of the views of the nonbinding courts in other circuits, the Court finds that adopting the rule that claims are deemed filed when received by the seizing agency "maintain[s] reasonable uniformity of federal law" and is consistent with the case law.

The Court notes the Claimants' judicial economy arguments, but finds them unpersuasive, especially in light of the fact that the Notices the DEA sent the Claimants specifically told them, in bold and capital letters, that any correspondence would be considered filed when received. They knew before they ever sent their claim that the claim would be considered filed on the date it was received. The Claimants were on notice that their claim would be deemed filed on the day it was received and, because they sent their claim via certified mail, the Claimants easily could determine when the claim was delivered, contradicting their argument that the filing date is a secret and that the timeliness of the Government's complaint must be challenged by a motion to dismiss just to determine whether the complaint was timely in the first place.

## CONCLUSION

For the foregoing reasons, the OVERRULES Claimants' Objections to the Report and Recommendation of United States Magistrate Judge [ECF No. 16], ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 15], and DENIES the Claimants' Motion to Dismiss [ECF No. 11].

SO ORDERED on July 29, 2014.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION